IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JARED SIMMONS, an Oklahoma resident,   )
            )
           Plaintiff,   )
            )
v.           )   Case No. CIV-04-507-T
            )
LIBERTY MUTUAL INSURANCE   )
COMPANY, SCHNEIDER NATIONAL   )
CARRIERS, INC., AND FRANK ANDREW   )
MESZAROS,   )
            )
         Defendants.   )

## ORDER

The Court has before it six pleadings relating to the default judgment Plaintiff took against Defendant Liberty Mutual Insurance Company on October 19, 2004.[1] (Doc. No. 12.) A review of those six pleadings, as well as the other pleadings in the Court record, demonstrates the following:

On April 23, 2004, Plaintiff commenced this lawsuit against the driver of a tractor/trailer rig with which he had been involved in a motor vehicle collision. (Doc. No. 1.) As permitted by Oklahoma's direct action statute, 47 O.S. §169, Plaintiff also named as defendants the driver's employer, Defendant Schneider, and the insurance company who insured Defendant Schneider, Defendant Liberty Mutual. (Id.)

---

[1] *Those pleadings are: (1) Defendants Schneider National Carriers, Inc. and Frank Andrew Meszaros' "Motion to Vacate Default Judgment and Brief in Support," filed April 28, 2005 (Doc. No. 26); (2) "Plaintiff's Objection to Defendant's [sic] Motion to Vacate Default Judgment and Brief in Support," filed May 13, 2005 (Doc. No. 30); (3) "Defendants' Reply to Plaintiff's Response to Defendants' Motion to Vacate Default Judgment," filed May 25, 2005 (Doc. No. 35); (4) "Plaintiff's Motion to Set Hearing on Damages," filed May 5, 2005 (Doc. No. 29); (5) "Defendants' Response to Plaintiff's Request for Hearing," filed May 23, 2005 (Doc. No. 34); and (6) Defendant Liberty Mutual's "Motion to Vacate Default Judgment and Brief in Support," filed May 25, 2005 (Doc. No. 36).*

Although returns of service were not timely filed, Plaintiff promptly served the defendants.  (Doc. Nos. 7, 9.)  Defendants Schneider and Meszaros filed an answer.[2]  (Doc. No. 7.)  No answer or responsive pleading was filed on behalf of Defendant Liberty Mutual.[3]

Several months later, after the issuance of a show cause order, Plaintiff moved for the entry of a default judgment against Defendant Liberty Mutual.  (Doc. No. 11.)  Although the motion for default was pending for twenty-six days before an order was issued, no objection or other response was filed.  Therefore, on October 19, 2004, the Court granted Plaintiff's motion for default judgment against Defendant Liberty Mutual.  (Doc. No. 12.)  The issue of Plaintiff's damages, if any, was reserved.

More than six months later, Defendant Schneider National and Defendant Meszaros filed a motion seeking to have the default judgment vacated.[4]  In support of their motion for default judgment, Defendant Schneider National and Defendant Meszaros state that Defendant Schneider made a mistake when told its counsel the identity of its insurer.  Specifically, those defendants state that Defendant Schneider mistakenly informed its counsel that it was insured by INS Insurance, Inc. when, in fact, it was insured by *both* INS Insurance, Inc. and Defendant Liberty Mutual at the time Defendant Meszaros was involved in the motor vehicle collision with Plaintiff.  Similar statements are made in Defendant Schneider National and Defendant Meszaros' reply brief.  In support of its May 25, 2005, request to vacate the default judgment, Defendant Liberty Mutual simply adopts the arguments of its co-defendants and does not set forth any new

---

[2] *Although it had never been served with process or named in the lawsuit, Defendants' counsel purported to file the answer on behalf of INS Insurance, Inc., another insurer of Defendant Schneider.  (Doc. No. 7.)*

[3] *While not filed on behalf of Defendant Liberty Mutual, the Court notes the other defendants plead, in their answer, that Defendant Liberty Mutual "was not a proper party" to Plaintiff's lawsuit.  (Doc. No. 7, ¶ 9.)*

[4] *This motion was not filed on behalf of the defaulting party, Defendant Liberty Mutual, as Defendant Liberty Mutual did not enter its appearance in this case for another nineteen days.*

factual statements or legal arguments.  Therefore, Defendant Liberty Mutual <u>never</u> informs the Court regarding any steps it took at any time before or after the entry of the default judgment to determine whether, in fact, it was Defendant Schneider's insurer.

According to the authorities cited by Defendant Schneider National and Defendant Meszaros, in determining whether to set aside a default judgment, the Court must evaluate whether there was "mistake or inadvertence" on the part of the defaulting party.  (Defendants' Motion, p. 3.)  In this case, as noted above, none of the parties has identified any action taken by Defendant Liberty Mutual to determine whether it was a proper party to Plaintiff's lawsuit.  Moreover, Defendant Liberty Mutual does not explain why, if it believed it was not a proper party, it did not file a motion under Fed.R.Civ.P. 12(b) rather than simply ignoring the service of process.

On the other hand, the Court is cognizant that under Oklahoma law, the liability of a motor carrier and its insurer is joint.  <u>All American Bus Lines v. Saxon</u>, 172 P.2d 424, 425 (Okla. 1946) (Court's syllabus).  Moreover, the action against the motor carrier and its insurer is considered to be one cause of action against the defendants and is "not a separate action against each of them."  <u>Id.</u>  As their liability is joint, the Court is aware that Defendant Schneider National, and through their joint defense, Defendant Meszaros are acting in such a way as to protect and represent Defendant Liberty Mutual's interests against Plaintiff's claims.

Accordingly, considering the equities of the matter, the Court concludes that rulings on the merits of the various motions relating to the default judgment against Defendant Liberty Mutual (Doc. Nos. 26, 29 and 36) will be held in abeyance.  Once Plaintiff's claims against Defendant Schneider  National and

Defendant Meszaros are resolved on their merits (at trial, through settlement or via a Rule 56 motion), the Court will address the merits of the various motions relating to the default judgment.

     IT IS SO ORDERED this 27th day of May,  2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE